IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ARGONAUT MIDWEST
INSURANCE COMPANY,

    Plaintiff,

      v.

                               CIVIL ACTION FILE
                               NO. 1:11-CV-3495-TWT

MCNEILUS TRUCK AND
MANUFACTURING, INC.,

    Defendant.

ORDER

      This is a property damage  action.  It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 41] and the Defendant's Motion to Strike the Affidavit of Loren Griswold [Doc. 54].  For the reasons set forth below, the Court DENIES the Defendant's Motion to Strike the Affidavit of Loren Griswold, and DENIES the Defendant's Motion for Summary Judgment.

I.  Background

      This case arises from an August 31, 2010, fire that destroyed a 2010 McNeilus front loading garbage truck.  The truck was owned by Big Truck Rental, LLP ("BTR"), but was under lease from BTR to Green Sense LLC.  Pursuant to its lease with BTR, Green Sense bore all risk of loss associated with the truck.  The Plaintiff,

Argonaut Midwest Insurance Company ("Argonaut"), provided insurance to Green Sense which covered the truck.

Green Sense experienced problems with the truck and took the truck to McNeilus for repair.  McNeilus replaced the cracked hydraulic tube.  After McNeilus completed its repairs, a Green Sense employee picked up the truck and drove it back to the Green Sense facility.  Fifteen minutes after the truck was parked in the Green Sense yard, it caught fire and was totally destroyed.  Pursuant to its contract of insurance with Green Sense, the Plaintiff indemnified Green Sense and its lessor in the amount of $198,061.81, for the loss of the truck.  After paying the owner for the loss of the truck, Argonaut exercised its subrogation rights and filed this suit alleging that the Defendant failed to properly repair the truck.   The Plaintiff filed the Complaint in this Court on October 13, 2011 [Doc. 1]. The Complaint asserts two causes of action.  Count I is for negligence and Count II is for breach of contract.  The Defendant filed its Motion for Summary Judgment on June 4, 2012 [Doc. 41].  The Defendant filed its Motion to Strike the Affidavit of Loren Griswold on July 9, 2012 [Doc. 54].

## II.  Motion for Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists

and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

The court should view the evidence and any inferences that may be drawn in the light

most favorable to the nonmovant.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59

(1970).  The party seeking summary judgment must first identify grounds that show

the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S.

317, 323-24 (1986).  The burden then shifts to the nonmovant, who must go beyond

the pleadings and present affirmative evidence to show that a genuine issue of material

fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III.  Discussion

### A.    Motion to Strike the Griswold Affidavit

As an initial matter, the styling of the Defendant's Motion as a Motion to Strike

the Affidavit as opposed to a motion to exclude evidence or an objection to the

Court's consideration of the affidavit does not bear on the Court's decision.  An

affidavit is not a pleading subject to a motion to strike.  But courts in this circuit and

elsewhere have routinely overlooked this technicality.  See Exceptional Mktg. Group,

Inc. v. Jones, 749 F. Supp. 2d 1352, 1358 (N.D. Ga. 2010); Burchfield v. CSX

Transp., Inc., 1:07-CV-1263, 2009 WL 1405144, at *8 (N.D. Ga. May 15, 2009);

Pete's Towing Co. v. City of Tampa, 378 Fed. Appx. 917, 919-20 (11th Cir. 2010);

Gauthier v. United States, No. 4:10-40116, 2011 WL 3902770, at *11 (D. Mass. Sept.

2, 2011); Moret v. Geren, 494 F. Supp. 2d 329, 335-36 (D. Md. 2007).  The Court will consider the Motion as objections to the consideration of the affidavit.

Turning to the substance of the Motion, the Court finds that the affidavit provides admissible evidence in support of the Plaintiff's claim, and denies the Defendant's Motion.  Loren Griswold is a certified fire investigator, certified fire and explosion investigator, certified vehicle fire investigator, certified marine investigator, and a certified firefighter with twenty-three years of experience involving fires and explosions, including vehicle fires and explosions.  (Griswold Dep., at Ex. 1.)  The Plaintiff has retained Griswold as an expert to give expert testimony pursuant to Federal Rule of Evidence 702.  The Defendant does not contest Griswold's status as an expert, and does not contend that Griswold's testimony should be excluded because it does not meet the requirements for admissible expert testimony.  As an expert, Griswold is entitled to form opinions and present them as evidence.  Rule 702 provides that:

> A witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702; Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589-90 (1993).  The Defendant has not filed a Daubert motion to contest Griswold's ability to give admissible expert testimony in this case.

The Defendant argues out that "a party may not avoid summary judgment solely on the basis of an expert's opinion that fails to provide specific facts from the record to support its conclusory allegations," and that "conclusory allegations without specific supporting facts have no probative value."  Evers v. General Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985).  Therefore, the expert may not make conclusions without any supporting facts.   The cases cited by the Defendant are distinguishable from the case at bar.  See Evers, 770 F.2d at 986 ("Thelin's affidavit, though it purports to be based upon a review of the evidence, fails to provide specific facts to back up its conclusory allegations."); Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000) (affiant did not provide any "specific facts").

Griswold has given specific supporting facts for his opinions.  Based upon the facts that the hydraulic tube had just been replaced, that the tube was found disconnected from its fitting, and that the tube clamp appeared to have been used to force the tube in place, Griswold concluded that the Defendant likely damaged the T-fitting while trying to force it in place under the clamp.  (Griswold Aff. ¶¶ 2-9.)

Griswold identifies the failed hydraulic tube as the cause of the fire, and concludes that it failed because of the Defendant's faulty repair.

The Defendant appears to take particular issue with Paragraph 9, which states: "If the part was not defective and properly connected to its T-fitting when received by McNeilus from the manufacturer and, immediately after the repair it was defective, no longer properly sealed, and disconnected from the T-fitting, the only logical conclusion is [sic] that it was damaged by McNeilus by an improper repair." (Griswold Aff. ¶ 9.)  While the language "the only logical conclusion" put the Court on alert that the expert may have given an impermissible opinion outside of his personal knowledge, after examination the Court does not believe this to have been the case.  Griswold is simply stating that his opinion is that the repair damaged the hydraulic tube based upon the facts as he sees them and a process of logical deduction which excludes an alternate explanation.  The first part of the Paragraph, "[i]f the part was not defective and properly connected to its T-fitting when received by McNeilus," is worded speculatively, but Griswold has facts to support this statement being true. Griswold identified that the tube clamp appeared to have been used to force the tube in place, suggesting that the Defendant likely damaged the T-fitting while trying to force it in place under the clamp.  Also, the Defendant's corporate representative,

William Bartlett, testified that McNeilus had no reason to believe that the hydraulic tube was defective in any way.  (Bartlett Dep. at 171.)

Griswold's affidavit does not clearly contradict his deposition testimony, and thus is not a "sham affidavit."  Under the sham affidavit rule, "[w]hen a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony."   Van T. Junkins & Assocs., Inc. v. U.S. Industries, Inc., 736 F.2d 656, 657 (11th Cir. 1984). The requirements for applying the sham affidavit rule are very stringent, and the Defendant has not demonstrated that those requirements are met in this case. For all of the statements that the Defendant says violate the sham affidavit rule, the Defendant has not shown that the questions were unambiguous, that the answers were clear, or that there is no explanation for any alleged contradiction. If there are any discrepancies, these are simply "discrepancies which create an issue of credibility or go to the weight of the evidence." Tippens v. Celotex Corp., 805 F.2d 949, 953 (11th Cir. 1986).

B.      The Defendant's Motion for Summary Judgment

1.      Breach of Contract

In the absence of a contractual duty, there can be no breach of contract.  APAC-Georgia, Inc. v. Department of Transp., 221 Ga. App. 604, 607 (1996).  The Plaintiff must demonstrate a genuine issue of material fact as to the existence of a contract between Green Sense and McNeilus for repair of the truck.  The Plaintiff contends that McNeilus and Green Sense executed an oral contract for repair of the truck.  An oral agreement is sufficient to establish a contract.  O.C.G.A. § 13-1-5, 6.  A contract must have (1) parties able to contract, (2) consideration, (3) definite subject matter, and (4) the assent of the parties to the terms of the contract.  O.C.G.A. § 13-3-1.

A Green Sense employee brought the truck to McNeilus' repair facility, and turned the truck over to McNeilus for repair of the  cracked hydraulic tube.  McNeilus repaired the truck and returned it to Green Sense.  McNeilus then billed BTR for the work.  McNeilus argues that it performed the repair pursuant to an agreement with BTR.  The agreement states that "McNeilus will maintain and repair its refuse collection bodies on Rental Trucks used by BTR" "[a]s requested by...BTR."  (Def.'s Reply Br. in Supp. of Def.'s Mot. for Summ. J., at Ex. B.)  Green Sense, not BTR, requested the repairs.  There is a jury question as to whether Green Sense and McNeilus formed a contract.  See Lynx Real Estate, Inc. v. F.A.L. Investments, LLC,

312 Ga. App. 312, 327 (2011) ("Where such extrinsic evidence exists and is disputed, the question of whether a party has assented to the contract is generally a matter for the jury.").

In addition to mutual assent, the contract must be supported by consideration to be valid.  "It is axiomatic that a contract without consideration is invalid."  Thomas Mote Trucking, Inc. v. PCL Constructors, Inc., 246 Ga. App. 306, 310 (2000).  "[T]he consideration must be stated in the contract or at least be ascertainable from the contract."  Robles v. Humana Hosp. Cartersville, 785 F. Supp. 989, 1001 (N.D. Ga. 1992).  "To constitute consideration, a performance or a return promise must be bargained for by the parties to a contract."  O.C.G.A. § 13-3-42(a).  "A performance or return promise is bargained for if it is sought by the promisor in exchange for his promise and is given by the promisee in exchange for that promise."  O.C.G.A. § 13-3-42(b).  The consideration for the repair work came directly from BTR, not Green Sense.  However, "[t]he performance or return promise may be given to the promisor or to some other person. If there is a valid consideration for a promise, it does not matter from whom it moves and it may be given by the promisee or by some other person; the promisee may sustain his action, though a stranger to the consideration."  O.C.G.A. § 13-3-42(d); see also First Nat. Bank & Trust Co. in Macon v. Roberts, 187 Ga. 472 (1939).  Thus, BTR could provide the consideration for Green Sense.

Moreover, whether the money initially came from BTR or Green Sense, Green Sense was bound to pay for the repair work pursuant to its rental agreement with BTR which required Green Sense to, "at its sole expense and cost, keep any and all Vehicles in good repair, condition and working order." (Def.'s Br. in Supp. of Def.'s Mot. for Summ. J., at Ex. C.)

The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken. Kuritzky v. Emory Univ., 294 Ga. App. 370, 371 (2008). Implied in every contract is a duty to perform competently and in a workmanlike manner. See Alco Standard Corp. v. Westinghouse Elec. Corp., 206 Ga. App. 794, 796 (1992). Griswold's affidavit provides sufficient evidence at this stage that McNeilus performed incompetently and caused the vehicle fire.

    2.   Negligence

The Plaintiff claims that the Defendant negligently repaired the truck. The essential elements of a cause of action for negligence in Georgia are: (1) a legal duty; (2) a breach of this duty; (3) an injury; and (4) a causal connection between the breach and the injury. Vaughan v. Glymph, 241 Ga. App. 346, 348 (1999). The Defendant argues that it did not owe a legal duty independent of contract to Green Sense to repair the truck in such a way that it did not spontaneously combust into flames. The Court

disagrees, and holds that there is a genuine issue of material fact regarding whether the Plaintiff presents a valid negligence claim, and thus will not dismiss this claim.

An act that constitutes a breach of contract may also constitute an independent tort only if "in addition to violating a contract obligation it also violates a duty owed to plaintiff independent of the contract to avoid harming him." Nalley Northside Chevrolet, Inc. v. Herring, 215 Ga. App. 185, 188 (1994). Once McNeilus started the repair, it owed an independent duty to not subject the world (including Green Sense drivers) to an unreasonable risk of harm. See Bradley Center, Inc. v. Wessner, 250 Ga. 199, 201 (1982); Kenney v. Piedmont Hosp., 136 Ga. App. 660, 663 (1975). This duty is narrowed by the economic loss rule. "The 'economic loss rule' generally provides that a contracting party who suffers purely economic losses must seek his remedy in contract and not in tort." General Elec. Co. v. Lowe's Home Centers, Inc., 279 Ga. 77, 78 (2005). However, "there is an accident exception to the general rule that an action in negligence does not lie absent personal injury or damage to property other than to the allegedly defective product." Vulcan Materials Co., Inc. v. Driltech, Inc., 251 Ga. 383, 387 (1983). There is a general duty under tort law, independent of any contract, to avoid causing "a sudden and calamitous event which, although it may only cause damage to the defective product itself, poses an unreasonable risk of injury

to other persons or property." Id.  In this case, the Plaintiff has presented evidence of a failed hydraulic tube that leaked hydraulic fluid and caused a sudden fire when ignited by the hot engine surface.  This would qualify as a sudden and calamitous event, and could not be construed as merely a "defect[] of quality, evidenced by internal deterioration or breakdown [which would be] assigned to the economic loss category." Id. at 385.

The Defendant replies that Dominic v. Eurocar Classics, 310 Ga. App. 825 (2011), is closer factually to the present case than Vulcan.  In Dominic, the plaintiff took his Ferrari to Eurocar Classics for repair after it overheated.  Eurocar then took the car to Ferrari of Atlanta, which bled the cooling system.  Dominic, 310 Ga. App. at 826.  Thereafter, the plaintiff's Ferrari caught fire and was completely destroyed. Id. at 827.  The plaintiff sued Ferrari of Atlanta for negligent repair.  Id. at 827-28. The Dominic opinion includes a short discussion on the negligent repair claim, and found that the defendant did not owe the plaintiff a duty of care.  However, it appears that the plaintiff failed to make the argument that the defendant owed the plaintiff a duty of care to protect him from an unreasonable risk of harm, and that privity of contract was not necessary to sue the defendant in tort when the defendant negligently performed the contract, and subjected him to "a sudden and calamitous event which...pose[d] an unreasonable risk of injury to other persons or property." Vulcan,

251 Ga. App. at 388.  Instead, "Dominic assert[ed] no legal duty that Ferrari of Atlanta owed independent of that repair contract." <u>Dominic</u>, 310 Ga. App. at 830. The <u>Dominic</u> court does not cite <u>Vulcan</u>, and does not make reference to the economic loss rule or the accident exception to that rule.  The Court concedes that it is difficult to reconcile the holding in <u>Vulcan</u> and the long line of cases that have relied upon it, with the holding in <u>Dominic</u>.  <u>See</u>, <u>e.g.</u>, <u>Advanced Drainage Sys., Inc. v. Lowman</u>, 210 Ga. App. 731, 734 (1993); <u>Bates & Associates, Inc. v. Romei</u>, 207 Ga. App. 81, 83 (1993); <u>Alco</u>, 206 Ga. App. at 795.  Yet, the Court finds <u>Vulcan</u> to be controlling Georgia Supreme Court precedent and directly on point.  Therefore, the Court follows the logic of <u>Vulcan</u> and finds that the Defendant had a duty of care to avoid subjecting the Plaintiff to the type of harm experienced in this case.  The Griswold affidavit provides evidence that the Defendant negligently performed the repair.  It is a jury question whether the Defendant negligently performed the repair on the truck, and whether such negligence, if it occurred, caused the Plaintiff's harm.

## IV.  Conclusion

For the reasons set forth above, the Court DENIES the Defendant's Motion to Strike the Affidavit of Loren Griswold [Doc. 54], and DENIES the Defendant's Motion for Summary Judgment [Doc. 41].

SO ORDERED, this 7 day of February, 2013.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge